UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANKA NIKOLIC,<br><br>        Plaintiff(s),<br><br>vs.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant(s). | Case No. 2:15-cv-01756-APG-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket Nos. 17, 18) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of and disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 17. The Commissioner filed an opposition and Cross-Motion to Affirm. Docket Nos. 18, 19. Plaintiff filed a reply. Docket No. 20. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

   A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

1  judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.

§ 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     BACKGROUND**

    A.     Procedural History

On August 12, 2011, Plaintiff filed an application for disability insurance benefits alleging that she became disabled on April 30, 2009. *See, e.g.*, Administrative Record ("A.R.") 139-47.[2] Plaintiff's claims were denied initially on February 13, 2012, and upon reconsideration on November 30, 2012. A.R. 89-93, 97-99. On December 21, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 100-01. On December 3, 2013, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Craig Ellis. *See* A.R. 28-63. On March 6, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from August 12, 2011 through December 31, 2011. A.R. 10-26. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 27, 2015. A.R. 1-7. On September 14, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

    B.     The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on March 6, 2014. A.R. 10-26. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011, and had not engaged in substantial gainful activity from August 12, 2011, to December 31, 2011. A.R. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: history of lupus; back pain; left hip pain; hypothyroidism; and obesity. A.R. 15. At step three, the ALJ found that Plaintiff did

---

[2] The alleged onset date was later amended to August 12, 2011. *See* A.R. 33.

not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 15-18. The ALJ found that Plaintiff had the residual functional capacity to perform the full range of light work as defined by 20 C.F.R. 404.1567(b). A.R. 18-22. At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a general clerk. A.R. 22. Based on all of these findings, the ALJ found Plaintiff had not been disabled at any time from August 12, 2011, through December 31, 2011. *See* A.R. 22.

### III.  ANALYSIS AND FINDINGS

Plaintiff's appeal rests on her contention that the ALJ erred in concluding that she could perform past relevant work as a general clerk for her husband's business. In particular, Plaintiff argues that her job as a general clerk did not qualify as past relevant work. *See, e.g.*, Docket No. 17 at 6-7.[3] For a job to constitute past relevant work, it must entail substantial gainful activity. 20 C.F.R. § 404.1565(a). Substantial gainful activity, in turn, is work activity that involves doing significant mental or physical activities that a claimant does for pay or profit. *See, e.g.*, *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); 20 C.F.R. § 404.1572(a)-(b). If the applicant earns over the amount specified in the guidelines, there is a presumption of substantial gainful activity. *See, e.g.*, *Keyes*, 894 F.2d at 1056. This presumption may be rebutted by such factors as "time spent working, quality of a person's performance, special working conditions, and the possibility of self-employment." *Katz v. Sec'y of Health and Human Servs.*, 972 F.2d 290, 2903 (9th Cir. 1992).

Plaintiff concedes in this case that her income as a general clerk exceeds the amount specified in the guidelines. Docket No. 17 at 6. Plaintiff argues that she successfully rebutted the applicable presumption through her testimony that she worked at the job part-time three days per week for three or four hours a day, and at times did not go into work for a full week. *See id*. (citing A.R. 40). She also testified that her son performed the filing tasks, and that she had trouble getting along with others. *See id*. (citing A.R. 47-48, 59). Plaintiff argued below and argues on appeal that these circumstances

---

[3] Plaintiff argues that this is significant because a finding of disability would be required for an applicant of her age without past relevant work. *See, e.g.*, Docket No. 17 at 8.

establish that she was working under special conditions inconsistent with substantial gainful activity. *See, e.g.*, Docket No. 17 at 7; A.R. 204-05.

The Commissioner argues that the presumption of substantial gainful activity was not rebutted in this case because the ALJ found Plaintiff not credible with respect to, *inter alia*, her claimed inability to perform substantial gainful activity. Docket No. 19 at 4 (citing A.R. 21). The Commissioner further argues that the record–most significantly, the job history Plaintiff completed and her earning records–contradict her testimony of limited work. *See* Docket No. 19 at 4; *see also id.* at 3. For example, Plaintiff admitted to working 20 hours per week between 1989 and 2009, A.R. 175, and her earnings record demonstrates that she was working far more hours than claimed, including at least one year averaging more than 40 hours per week, A.R. 152, Docket No. 19 at 4 n.3.

The Commissioner has the better argument. Questions of credibility and resolution of conflicting evidence are the functions of the ALJ. *E.g.*, *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999). While Plaintiff may have preferred that the ALJ give her testimony more weight to find the applicable presumption rebutted, the record is more than sufficient to support the ALJ's finding that Plaintiff was engaged in substantial gainful activity.[4] Accordingly, Plaintiff has failed to demonstrate on appeal legal error or that the ALJ's factual determinations were unsupported by substantial evidence.

//
//
//
//
//

---

[4] Plaintiff argues that the ALJ ignored this issue and the briefing she submitted. *See, e.g.*, Docket No. 17 at 7. "An ALJ is not required to make specific findings regarding [his] determination of whether a claimant has engaged in substantial gainful activity." *Bolzan v. Colvin*, 2014 WL 4954405, *3 (D. Ariz. Sept. 30, 2014) (citing *Katz*, 972 F.2d at 293).

## IV.  CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 17) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 18) be **GRANTED**.

IT IS SO ORDERED.

DATED:  August 12, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).